[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION AND MOTION FOR CONTEMPT
1. Based upon the defendant having present W-2 income in the amount of $48,000.00 per year and the plaintiff having a gross income in excess of $40,000.00 per year, the motion for modification is granted, and the plaintiff's monthly award is reduced to $1,500.00 per month retroactive to April 11, 1991. The modification will be effective for a six month period from today's date and the original order will be reinstated after that six month period.
The court agreed with the defendant that his circumstances have substantially changed since the $2,500.00 monthly order, but also believes the defendant has a proven substantially higher earning capacity in a growing industry. The court has, therefore, given him some time to re-establish himself in that industry. The court did not accept the plaintiff's explanation of lower earnings. Voluntarily leaving her employment because of the defendant's harassing creditors was not accepted by the court.
The defendant is found in contempt of his payments to the plaintiff in the amount of $4,934.84 based on the following:
Owed through March 31, 1991 $5,271.77
April 1 through April 11 (under old order) $ 694.33
April 12 through April 30 (under new order) 1,000.00 CT Page 4475
Total additional amount due through April 30th $1,694.33
Less amount paid by defendant April 1 through April 30th 2,031.26
Credit to defendant for April $ 336.93
Less April credit 336.93
TOTAL AMOUNT OF JUDGMENT OF CONTEMPT $4,934.84
Defendant is to pay off this arrearage at the rate of $200.00 per month in addition to his monthly order of $1,500.00.
2. Concerning life insurance coverage, the defendant will supply documentation every six months that the coverage is in full force and effect. Additionally, he shall in writing with a copy to the plaintiff, inform the insurer that copies of default notices are to be sent to the plaintiff.
3. Concerning his obligation to pay certain debts which seem to have been listed on a bankruptcy petition, the court can make no orders at this time because of insufficient information concerning the status of the bankruptcy and the nature of the debts, i.e., property or support.
If the plaintiff wishes to proceed on this issue, the court strongly recommends that she obtain counsel as this area of the law contains some very difficult legal problems.
LAWRENCE L. HAUSER, JUDGE